Roberta L. Steele, CA Bar No. 188198
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave, 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Fax: 415-522-3425

Damien A. Lee, Wash., D.C. Bar No. 430135
Clive A. Pontusson, WA Bar No. 53570
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA  98104
Fax: 206-220-6911
damien.lee@eeoc.gov
clive.pontusson@eeoc.gov
Tel: 206-576-3038
Tel: 206-576-5987
Fax: 206-220-6196

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELEVATION LABS, LLC, f/k/a NORTHWEST COSMETIC LABS, LLC,<br><br>Defendant. | CIVIL ACTION NO.  4:23-cv-318<br><br>COMPLAINT |

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1

NATURE OF THE ACTION

2
This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"),

3
and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide

4
appropriate relief to Rachel Robertson Johnson ("Johnson") who was and is adversely affected by

5
such practices.   Plaintiff, the United States Equal Employment Opportunity Commission

6
("EEOC"), alleges that Defendant, Elevation Labs, LLC f/k/a Northwest Cosmetic Labs, L.L.C.

7
("Defendant"), violated Title VII when Defendant subjected Johnson to adverse employment

8
actions by denying her a promotion and constructively discharging her in retaliation for opposing

9
conduct that she reasonably believed was unlawful and engaging in activities protected by Title

10
VII.

11

JURISDICTION AND VENUE

12

13
1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

14
1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

15
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and

16
pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

17
2.      The employment practices alleged to be unlawful were committed within the

18
jurisdiction of the United States District Court for the District of Idaho.

19

PARTIES

20
3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the

21
United States of America charged with the administration, interpretation and enforcement of

22
Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title

23
VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

24
4.      At all relevant times, Defendant has continuously been doing business in the State

25
of Idaho and has continuously had at least fifteen (15) employees.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce as defined by Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

6.     More than thirty (30) days prior to the institution of this lawsuit, Johnson filed a charge with the EEOC alleging that Defendant subjected her to a hostile work environment based on her race (Black) and retaliated against her for complaining about her work environment to Defendant's Human Resources Representatives.

7.     On May 2, 2022, the EEOC issued to Defendant a Letter of Determination in regard to Johnson's charge, finding *inter alia* that Defendant retaliated against Johnson denying her a promotion because she complained about race discrimination and constructively discharged her in violation of Title VII.

8.     On May 2, 2022, EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory and retaliatory practices and provide appropriate relief under Title VII.

9.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On July 14, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

EEOC v. ELEVATION LABS, LLC f/k/a NORTHWEST COSMETIC LABS, LLC
COMPLAINT
Page 3 of 10

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

13.     In or about April 2014, Johnson began working for Defendant as a Cosmetic Chemist at its facility located in Idaho Falls, Idaho.

14.     In or about 2016, Johnson complained to the Human Resources (HR) Director that  some White coworkers told her that they "did not know how to handle her" because she is Black and referred to Black people as "thugs", which she found offensive based on race.

15.     The HR Director responded to her complaint by saying Johnson "needed to be the bigger person" and "this is how some people in Idaho are."  On information and belief, Defendant did not document Johnson's complaint, conduct any investigation or take any corrective action.

16.     In or about February 2019, Johnson complained to the Research and Development (R&D) Director and Formulation Manager that she felt discriminated against due to her race because she had complained about inappropriate comments by some White coworkers and Defendant did not investigate, or respond to her complaints.

17.     Since at least February 2019, Defendant has engaged in unlawful employment practices in violation of § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), retaliating against Johnson for opposing conduct she reasonably believed was unlawful under Title VII.

18.     In or about February 2019, Defendant denied Johnson a promotion to Senior Chemist despite promoting two non-Black chemists with a similar length of employment.

19.     On or about February 19, 2019, the R&D Director noted during her performance review with Johnson: (a) she "has taken on a number of high difficulty projects in the past year;" (b) "I can always count on her to tackle the more intense/difficult projects . . . .;" (c) "She is very good at researching raw materials, trends, and technical issues (including the DSC);" and (d) "She is also very good at presenting new information to the team, like she did with the multi-cultural presentation spurred from COSMOPROF."

EEOC v. ELEVATION LABS, LLC f/k/a NORTHWEST COSMETIC LABS, LLC
COMPLAINT
Page 4 of 10

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

20.     Despite acknowledging that Johnson had the necessary technical expertise, Defendant justified denying the promotion stating: (a) Johnson's relationships with coworkers purportedly prevented her from mentoring less experienced coworkers; (b) Johnson's prior discrimination complaints about some White coworkers caused the coworkers to stop talking to her.

21.     On or about June 18, 2019, Johnson complained to the HR Director that she felt discriminated against due to her race when a White coworker took materials from her components bin, without permission, that Johnson needed to perform her work.  The HR Director responded warning Johnson that "others sense the chip on her shoulder."

22.     Defendant conducted a cursory investigation into Johnson's June 18, 2019 complaint, which consisted of the R&D Director and HR Director examining the bin to determine whether it was labeled, and then asking the White coworker why she who took the materials.  Defendant did not take any disciplinary action against the White coworker.

23.     On or about June 29, 2019, Defendant's HR Director investigated a claim by a White coworker who alleged that Johnson said, "they don't allow colored people in here", referring to an area of the facility.  Johnson denied  making the statement, and said that she found the term "colored people" offensive.  Despite her denial, the HR Director and R&D Director investigated by interviewing five witnesses, and reviewing surveillance footage and security badge records.

24.     On or about July 2, 2019, Johnson attended a presentation on diversity and inclusion hosted by Defendant.  The presenter, who was the CEO's brother, asked attendees whether anyone felt discriminated against based on race in Defendant's workplace.  Johnson did not respond.   At the end of the presentation, Johnson asked the presenter how she should raise concerns about diversity and inclusion in the workplace.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

25.      On information and belief, after the July 2, 2019 presentation, the presenter told his brother, Defendant's CEO, that Johnson complained about race discrimination.

26.      On or about July 11, 2019, the HR Director and R&D Director met with Johnson and told her that the CEO "does not want [Johnson] saying that kind of stuff to outside speakers", referring to Johnson's interaction with the diversity presenter on July 2, 2019.

27.      On or about July 11, 2019, Johnson told the HR Director and R&D Director that Defendant and other lab employees stereotyped her as a Black woman.

28.      On or about July 11, 2019, the R&D Director told Johnson that she could not be promoted until she: (a) formed relationships and trust with her coworkers; (b)  stopped "overreacting," referring to Johnson's June 18, 2019 complaint of race discrimination when her coworker took her materials; and (c) stopped "unprofessional behavior and disruption for example telling our guest speaker, that you have been discriminated against," referring to Johnson's interaction with the diversity speaker and CEO's brother.

29.      On or about July 12, 2019, Defendant's CEO told Johnson directly in a meeting, "if the disruption continues, we will need to part ways" referring to her complaints about race discrimination and characterizing her complaints as grave yet meritless.

30.      On or about August 26, 2019, Defendant issued Johnson a written warning after a White coworker claimed Johnson instigated a dispute about materials handling, which Johnson denied.  The warning stated: "After a thorough investigation of this incident, it was determined that you used a raised/condescending tone, body language that was aggressive, and your words were confrontational and demanding;" and  concluded "any additional unacceptable job performance will result in more severe disciplinary action up to and including termination."  The HR Director interviewed four witnesses regarding this complaint against Johnson.

EEOC v. ELEVATION LABS, LLC f/k/a NORTHWEST COSMETIC LABS, LLC
COMPLAINT
Page 6 of 10

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

31.     On or about September 27, 2019, Defendant constructively discharged Johnson because the effects of the specific acts or omissions alleged in Paragraphs 14-30 of this Complaint made working conditions for Johnson so intolerable that she felt forced to resign.

32.     The effect of the practices complained of in Paragraphs 14-31 above has been to deprive Johnson of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in activity protected by Title VII.

33.     The unlawful employment practices complained of in Paragraphs 14–31 were intentional.

34.     The unlawful employment practices complained of in Paragraphs 14-31 were done with malice or with reckless indifference to the federally protected rights of Johnson.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with it, from engaging in any retaliation against any employee who engages in protected EEO activity under Title VII.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for any employee who engages in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Johnson by providing appropriate back pay with interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in in Paragraphs 14-34 above.

D.     Order Defendant to make whole Johnson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 14-34 above, including past out-of-pocket losses, in amounts to be determined at trial.

EEOC v. ELEVATION LABS, LLC f/k/a NORTHWEST COSMETIC LABS, LLC
COMPLAINT
Page 7 of 10

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1    E.    Order Defendant to make whole Johnson by providing compensation for past and

2  future nonpecuniary losses resulting from the unlawful employment practices described in

3  Paragraphs 14-34 above, including without limitation compensation for emotional pain,

4  suffering, and loss of enjoyment of life, in amounts to be determined at trial.

5    F.    Order Defendant to pay Johnson punitive damages for its malicious and reckless

6  conduct described in Paragraphs 14-34 above, in amounts to be determined at trial.

7    G.    Grant such further relief as the Court deems necessary and proper in the public

8  interest.

9    H.    Award the Commission its costs of this action.

10  DATED this 7th day of July, 2023.

11

12  BY: */s/ Roberta L. Steele*   GWENDOLYN YOUNG REAMS

13  Roberta L. Steele      Acting General Counsel
    Regional Attorney

14  EQUAL EMPLOYMENT OPPORTUNITY CHRISTOPHER LAGE
    COMMISSION       Deputy General Counsel

15  San Francisco District Office
    450 Golden Gate Ave, 5th Floor West Office of the General Counsel

16  P.O. Box 36025       131 "M" Street NE
    San Francisco, CA 94102    Washington, D.C. 20507

17  Telephone (415) 522-3150
    roberta.steele@eeoc.gov

18

19  BY: */s/ Damien A. Lee*    

20  Damien A. Lee
    Assistant Regional Attorney

21  EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

22  Seattle Field Office
    909 First Avenue, Suite 400

23  Seattle, WA  98104-1061
    Telephone (206) 576-3038

24  damien.lee@eeoc.gov

25

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1

BY: */s/ Clive A. Pontusson*          
Clive A. Pontusson

2
Trial Attorney
Seattle Field Office

3
909 1st Avenue, Suite 400

4
Seattle, Washington 98104-1061
Telephone (206) 576-3042

5
Facsimile (206) 220-6196
clive.pontusson@eeoc.gov

6

7
                              Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.


DATED this 7th day of July, 2023

                                        _/s/ Jimmy Yen_
                                        JIMMY YEN
                                        Paralegal Specialist
                                        EEOC Seattle Field Office
                                        909 First Avenue, Suite 400
                                        Seattle, WA 98104-1061
                                        Telephone: 206-576-3043
                                        Email: jimmy.yen@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882