UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELEVATION LABS, LLC, f/k/a NORTHWEST COSMETIC LABS, LLC,<br><br>Defendant. | Case No. 4:23-cv-00318-BLW-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Elevation Labs, LLC's Motion to Strike (Dkt. 27). For the reasons explained below, the Court will deny the motion because it is untimely and, alternatively, because it lacks merit.

## BACKGROUND

Plaintiff, the Equal Employment Opportunity Commission (EEOC), alleges that Elevation Labs violated Title VII of the Civil Rights Act of 1964 by retaliating against former employee Rachel Johnson after she complained of discrimination. The parties are currently engaged in discovery, and there is a motion to compel pending before the Court. The Court referred that dispute to United States Magistrate Judge Debora K. Grasham. *See July 31, 2024 Order of Referral*, Dkt.

MEMORANDUM DECISION AND ORDER - 1

14. While that discovery motion was pending, Elevation Labs filed a motion to strike the EEOC's prayer for punitive damages. Elevation Labs says this prayer must be stricken because the EEOC did not comply with Idaho statutory law, which requires plaintiffs to obtain court permission before including a request for punitive damages in the complaint. *See generally* Idaho Code § 6-1604(2).

## ANALYSIS

1. **Plaintiff's Motion is Strike is Untimely**

    Federal Rule of Civil Procedure 12(f) provides that a party may file a motion to strike "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Elevation Labs waived service of the complaint and filed its answer on September 18, 2023. Dkt. 4. If it wished to file a motion to strike, the deadline was September 18, 2023. Yet Elevation Labs didn't file the motion until roughly 17 months later, on February 26, 2025. *See* Dkt. 27. The motion is thus untimely—significantly so—and the Court will deny it for that reason.

2. **Plaintiff's Motion to Strike Would Also Be Denied on the Merits**

    Alternatively, if the Court were to exercise its discretion under Rule 12(f)(1) and consider the merits of plaintiff's arguments, it would still deny the motion. Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To determine whether the challenged matter—in this case the

demand for punitive damages—may be stricken, the Court asks whether the demand falls into any of the five categories enumerated in the rule. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). In other words, the Court must decide if the demand for punitive damages is: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Id.*

The EEOC's prayer for punitive damages is none of those things. *See id.* It is obviously not an insufficient defense. It is not redundant. It is not immaterial "because whether these damages are recoverable relates directly to plaintiff's underlying claim for relief." *Id.* It is not "impertinent" as the demand pertains directly to the harm being alleged. *Id.* And finally, it is not scandalous. Thus, a strict reading of Rule 12(f) would compel the Court to deny the motion. *See id.; Massachusetts ex rel. Bellotti v. Russell Stover Candies, Inc.*, 541 F. Supp. 143, 145 (D. Mass. 1982) (denying a request to strike a request for an award of costs and expenses because such a request "does not fall within any of the categories referred to in the rule").

But even if the Court were to read Rule 12(f) more liberally—asking whether the prayer for punitive damages should be stricken because the EEOC did not comply with the gatekeeping mechanism outlined in Idaho Code § 6-1604(2)— the motion lacks merit. Starting with first principles, the EEOC is in federal court

MEMORANDUM DECISION AND ORDER - 3

asserting a federal claim. Which of course means that federal law governs the substance and procedure of its claim. *See generally Aerosonic Corp. v. Trodyne Corp.,* 402 F.2d 223, 229 (5th Cir. 1968) ("It is not to be doubted that where the jurisdiction of the federal court is based on the existence of a federal question, federal law applies as to both substance and procedure, . . . ."); 19 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Juris. § 4501 (3d ed. 2024) (explaining that federal courts do not apply state substantive law when the matter is governed by, among other things, an Act of Congress). Elevation Labs acknowledges this basic principle but says that because federal law is silent with respect to "any pleading standard or procedural prerequisite," state law steps in to fill the silence. *See Reply,* Dkt. 30, at 2.

The Court is not persuaded. To include a punitive damages prayer in this Title VII case, the EEOC must simply allege sufficient factual matter to permit a reasonable inference that defendant engaged in intentional discrimination with malice or reckless indifference to plaintiff's federally protected rights. *See* 41 U.S.C. § 1981a(b)(1); *E.E.O.C. v. Dinuba Med. Clinic*, 222 F.3d 580, 587 (9th Cir. 2000) (explaining that the EEOC is "empowered to seek compensatory and punitive damages in addition to equitable relief"). That is the relevant pleading standard, and the factual allegations are measured against the familiar *Iqbal/Twombly* standard. *See generally Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). And as far as the procedural mechanism is concerned, the Federal Rules of Civil Procedure allow plaintiffs to include a prayer for punitive damages in their complaints without first seeking court permission. *See* Fed. R. Civ. P. 8(a)(3) (providing that any pleading that states a claim for relief must contain, among other things, "a demand for the relief sought, *which may include . . . different types of relief*") (emphasis added). So there is no silence.

Notably, Elevation Labs has not cited any cases holding that Title VII plaintiffs must comply with Idaho Code § 6-1604 or any similar state gatekeeping mechanism before including a prayer for punitive damages. On the other hand, at least two courts have rejected similar arguments. In *Bai v. CMB Exp. Infrastructure Investment Group 48, LP*, No. 2:24-CV-00807, 2024 WL 2801544, at *3 (E.D. Cal. May 31, 2024), a California federal district court held that a California state statute requiring plaintiffs to seek leave of court before including a particular type of claim was inapplicable to plaintiff's federal claims. And in *EEOC v. Environmental & Demolition Services, Inc.*, 246 F.R.D. 247, 248-50 (D. Md. 2007), a Maryland federal district court held that a state statute prohibiting discovery of defendant's financial status did not apply in a Title VII suit brought by the EEOC. Although these cases are not directly on point, they are consistent with the first principle articulated above—namely that federal procedural and

substantive law govern federal claims.

For all these reasons, the Court holds, in the alternative, that the motion to strike lacks merit.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Strike (Dkt. 27) is **DENIED.**

DATED: April 15, 2025

_____
B. Lynn Winmill
U.S. District Court Judge