UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELEVATION LABS, LLC, f/k/a NORTHWEST COSMETIC LABS, LLC,<br><br>Defendant. | Case No. 4:23-cv-00318-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE MOTIONS IN LIMINE** |

**INTRODUCTION**

Plaintiff Equal Employment Opportunity Commission (EEOC) brings this action on behalf of Rachel Johnson, the charging party. In general terms, the EEOC alleges that Ms. Johnson complained of race discrimination during her employment with Defendant Elevation Labs, LLC, after which she was subjected to adverse actions, including a failure to promote and workplace conditions that ultimately led to her resignation. Elevation Labs denies these allegations.

The case is set for a bench trial beginning June 1, 2026. Both sides have filed motions in limine. The Court will resolve these motions as set forth below.

MEMORANDUM DECISION AND ORDER - 1

## DISCUSSION

### A.    The EEOC's Unopposed Motions

The EEOC has filed four unopposed motions in limine, which the Court will grant. The specifics of these motions and rulings are as follows:

### 1.  Motion in Limine No. 1 (Rachel Johnson's Attendance)

EEOC Motion in Limine No. 1 seeks to permit Rachel Johnson to attend trial and sit at counsel table. Given her role as the charging party and the individual on whose behalf relief is sought, the Court will grant the motion.

### 2.  Motion in Limine No. 2 (Hostile Witnesses)

EEOC Motion in Limine No. 2 seeks leave to use leading questions when examining witnesses identified with Elevation Labs. Under Federal Rule of Evidence 611(c), such questioning is appropriate where a witness is hostile or identified with an adverse party. The motion will therefore be granted.

### 3.  Motion in Limine No. 4 (Punitive Damages Evidence)

EEOC Motion in Limine No. 4 seeks admission of stipulated facts concerning Elevation Labs' financial condition for purposes of punitive damages. Such evidence is generally relevant to the determination of punitive damages, and the motion will be granted.

### 4.  Motion in Limine No. 5 (Affirmative Defenses)

EEOC Motion in Limine No. 5 seeks to exclude evidence relating to certain affirmative defenses concerning administrative prerequisites. In light of Elevation

MEMORANDUM DECISION AND ORDER - 2

Labs' stipulation that the conditions precedent to suit have been satisfied, the motion is appropriate and will be granted.

**B.      Elevation Labs' Motion in Limine No. 1 (Scope of Evidence)**

Defendant's Motion in Limine No. 1 (Dkt. 67) seeks to limit the scope of evidence at trial to matters directly relevant to Plaintiff's retaliation and constructive discharge claims and to exclude broader "workplace culture" or generalized discrimination evidence. The Court will deny this motion without prejudice, as it prefers to rule on specific questions offered to specific witnesses.

The Court agrees with the central premise underlying Elevation Labs' Motion in Limine No. 1—namely, that the evidence presented at trial must be relevant to the EEOC's claims for retaliation and constructive discharge. Accordingly, the Court will not permit the introduction of evidence untethered to the elements of those claims or offered solely to expand this case into a broader inquiry regarding workplace culture, generalized discrimination, or un-pled theories of liability. This is not a pattern-or-practice case, nor is the Court being asked to determine whether every offensive comment, workplace dispute, or perceived slight during Johnson's employment independently violated Title VII. The Court will therefore require a meaningful nexus between the proffered evidence and the claims actually being tried. The EEOC may not use broad "culture" evidence as a vehicle to litigate collateral grievances or unrelated

MEMORANDUM DECISION AND ORDER - 3

incidents with only marginal relevance. Nor will the Court allow the trial to devolve into collateral disputes or mini-trials concerning unrelated workplace incidents.

At the same time, however, the Court declines to impose categorical pretrial exclusions on broad classes of evidence. The EEOC is entitled to present evidence concerning the circumstances that allegedly gave rise to Johnson's protected activity, the workplace conditions she contends contributed to her constructive discharge, and evidence bearing on retaliatory motive or causation. Questions of relevance in this context are highly dependent on the purpose for which evidence is offered and the nexus between the evidence and the claims being tried. Those determinations are better made during trial, where the Court can evaluate specific evidentiary proffers in light of the record as it develops and limit cumulative or unnecessarily expansive testimony where appropriate. For that reason, Elevation Labs' motion will be denied without prejudice.

This approach is particularly appropriate in a bench trial. The Court is capable of receiving evidence, assessing its probative value, and assigning it appropriate weight without the same concerns that may arise in a jury trial. Accordingly, while the Court will enforce the limits of relevance and will exclude or curtail evidence that lacks a sufficient connection to the retaliation and constructive discharge claims, it will do so in context, based on the evidence as

MEMORANDUM DECISION AND ORDER - 4

actually presented at trial.

## C.    Motions Related to the Consent Decree

The Court will next turn to motions involving a 2011 consent decree between the parties. Both parties have filed motions related to the admissibility of that consent decree and the underlying litigation. The EEOC seeks to admit evidence of the consent decree *and* the underlying litigation, arguing that the decree and the litigation are relevant to issues such as notice, knowledge, punitive damages, and potential injunctive relief. Elevation Labs, by contrast, seeks to exclude any reference to the prior litigation, consent decree, or underlying allegations. Elevation Labs contends that such evidence is irrelevant, temporally remote, unduly prejudicial, and would improperly invite propensity reasoning and collateral mini-trials.

The Court will deny the EEOC's motion to the extent it seeks to admit evidence regarding the factual allegations and litigation underlying the consent decree. This trial involves Ms. Johnson's employment and the alleged retaliation she suffered—not the merits of a separate lawsuit resolved more than a decade ago without adjudication of liability. The consent decree itself expressly disclaims any admission of wrongdoing and expired by its own terms in 2015. There is no indication the EEOC sought to enforce or extend it during the four-year monitoring period. Under these circumstances, the probative value of the factual allegations

MEMORANDUM DECISION AND ORDER - 5

underlying the prior case is limited and substantially outweighed by the dangers laid out in Rule 403, primarily including wasting time and confusing the issues. *See generally* Fed. R. Evid 403.

The Court will, however, grant the EEOC's motion to the extent the EEOC seeks to question witnesses regarding the consent decree. The decree has some relevance with respect to knowledge, notice, training, and awareness of Title VII obligations. Accordingly, witnesses testifying at trial may be questioned regarding the decree including, for example, whether they were aware of the decree and whether they received training or understood obligations imposed during the decree period. Beyond those types of questions, the EEOC counsel should proceed expeditiously. The Court does not want this trial to devolve into a sideshow regarding the consent decree.

The Court will also note that it is unpersuaded by the EEOC's argument that the consent decree should be admitted during trial to assist the Court in determining an appropriate injunction. This argument is premature, as it assumes the EEOC will prevail during the liability phase. At this stage, the Court's focus remains on deciding liability—not on fashioning a remedy.

## ORDER

**IT IS ORDERED that:**

1. The EEOC's Unopposed Motions in Limine Nos. 1-4 (Dkts. 62, 63, 65,

MEMORANDUM DECISION AND ORDER - 6

66) are **GRANTED**.

2. Elevation Labs' Motion in Limine No. 1 (Dkt. 67) is **DENIED WITHOUT PREJUDICE**.

3. The Motions in Limine regarding the 2011 Consent Decree (Dkts. 64, 68) are **GRANTED IN PART and DENIED IN PART** as explained above.

DATED: May 18, 2026

B. Lynn Winmill
U.S. District Court Judge